UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JOAN MURPHY,

                     Plaintiff,

            v.

THE NATIONAL FLOOD INSURANCE
PROGRAM, W. CRAIG FUGATE, *in his official
capacity as administrator of the Federal Emergency
Management Agency*, and JANET NAPOLITANO,
*in her official capacity as Secretary of the United
States Department of Homeland Security*,

                    Defendants.

**MEMORANDUM & ORDER**
13-CV-6757 (MKB) (GRB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       On November 26, 2013, Joan Murphy commenced the above-captioned action against Defendants the National Flood Insurance Program, W. Craig Fugate and Janet Napolitano, alleging breach of contract and seeking damages from the Federal Emergency Management Agency. (Compl. ¶¶ 1–2, Docket Entry No. 1.) Plaintiff's claim is based on storm damage to her insured property, a residence in Breezy Point, New York, caused by Hurricane Sandy. (*Id.* ¶¶ 9–10.)

       The case was mediated in February of 2015, (Order dated Jan. 29, 2015), resulting in a negotiated settlement agreement and a stipulation of dismissal, each signed by all counsel. (Decl. of Ramoncito J. deBorja ("deBorja Decl.") ¶ 6, Docket Entry No. 96; Settlement Agreement, annexed to deBorja Decl. as Ex. D; Stipulation of Dismissal, annexed to deBorja Decl. as Ex. E.) On March 12, 2015, in response to a consent motion, the Court dismissed the

case, closing over two hundred settled cases arising from Hurricane Sandy. (Order dated Mar. 12, 2015, Docket Entry No. 88.)

On October 20, 2015, Plaintiff moved for leave to file an amended complaint, pursuant to Rule 15 of the Federal Rules of Civil Procedure. (Pl. Mot. for Leave to File Am. Compl., Docket Entry No. 91.) By report and recommendation dated July 6, 2016 (the "R&R"), Magistrate Judge Gary R. Brown recommended that the Court deny Plaintiff's motion. (R&R 4–5.) No party has objected to the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[F]ailure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *Eustache v. Home Depot U.S.A., Inc.*, 621 F. App'x 86, 87 (2d Cir. 2015) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts Judge Brown's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's motion for leave to amend is denied.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: July 22, 2016
       Brooklyn, New York